```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
MICHELLE CHICCO,                         :      20cv10593 (DLC)
                                         :
                    Plaintiff,           :      OPINION AND ORDER
          -v-                            :
                                         :
FIRST UNUM LIFE INSURANCE CO.,           :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Jacob Reichman
Matthew Robert Maddox
Scott Madison Riemer
Jennifer Lynn Hess
Riemer Hess LLC
275 Madison Avenue
26th Floor
New York, NY 10016

For defendant:
Gregory James Bennici
Patrick Walter Begos
Robinson & Cole LLP
1055 Washington Blvd
Stamford, CT

DENISE COTE, District Judge:

     Michelle Chicco ("Chicco") has sued defendant First Unum Life Insurance Co. ("First Unum") for denying her benefits under a long-term disability insurance plan. The parties have agreed to try the case on a stipulated record. This Opinion contains the Court's Findings of Fact and Conclusions of Law. For the following reasons, judgment is granted to Chicco.

**Background**

In 2007, Chicco began working as a tax accountant for D.E. Shaw & Co., L.P. Within several years, she was promoted to a managerial position. Chicco's job involved the preparation of tax calculations, research, and meetings with investors and management, among other duties. Most of these tasks were performed at her desk and required constant keyboard use. Chicco would normally work around 40 hours a week, although she would work longer hours during tax season.

As part of her employment, Chicco was provided with a long-term disability insurance plan ("the Plan") issued by First Unum. Under the Plan, a beneficiary is considered disabled if they "are unable to perform the material and substantial duties of [their] regular occupation" and are not otherwise working, or if they "are unable to perform one or more of the material and substantial duties" of their job and their earnings decline by at least 20%. Payments cease under the Plan, however, if the recipient is able to work at their regular occupation at least part-time but does not, or if the recipient is no longer disabled.

A. Initial Disability Claim

In 2013, Chicco began to experience back pain, as well as fatigue and weakness in her limbs. In 2016, she began seeking treatment with Dr. David Chu, a physical medicine and

rehabilitation specialist. Dr. Chu prescribed various medications to help her manage the pain, as well as acupuncture, physical therapy, epidural steroidal injections, and trigger point injections. Nevertheless, Chicco's symptoms became progressively worse. In March of 2018, Chicco reported severe pain in her neck and lower back, especially when sitting, standing, or walking for prolonged periods. Chicco found that her pain was exacerbated by her job, especially during tax season, when she would work longer hours.

In May of 2018, Chicco stopped working, and submitted a claim for disability benefits under the Plan. In support of her claim, Chicco submitted a statement from Dr. Chu explaining that she was unable to sit or stand for more than thirty minutes at a time due to severe pain. First Unum approved payments for several months while Chicco received treatment. By October of 2018, Chicco reported to Dr. Chu that her symptoms had improved, though not entirely abated. Chicco therefore coordinated a plan with Dr. Chu and First Unum that would allow her to return to work. Pursuant to this plan, Chicco would begin working part-time and slowly increase her hours.

B. Return to Work

Chicco returned to work part-time in November of 2018, ramping up to full time work by December 17. As Chicco's hours increased, however, her symptoms began to worsen, requiring

3

additional spinal injections. Additionally, Chicco became pregnant around this time, and had to stop taking some of her prescription medication until the pregnancy resolved. In January of 2019, Chicco reduced her workload to 20 hours per week in an attempt to manage her pain. But when tax season of 2019 arrived, she increased her hours again, working 60-80 hour weeks. Chicco reported increasingly severe pain to her doctors, until she stopped working on April 26, 2019.

After Chicco reported in March of 2019 that she had scaled back to a part-time workload, First Unum sought medical review of her claim. First Unum first obtained an evaluation from Sherry Roy, R.N. of Chicco's file, which found that neither Chicco's condition nor her treatment regimen would preclude her from fulfilling her job's requirements. First Unum then had Dr. Richard Maguire, an occupational medicine specialist, review Chicco's claim. Maguire found that Chicco's reported pain level was not consistent with findings from physical examinations, or with her reported activity level outside of work. Dr. Maguire also noted the absence of any change in Chicco's examination results during the initial ramp-up period after she returned to work. Finally, First Unum obtained a second opinion from Dr. George Blankinship III, board certified in physical medicine and rehabilitation, who concurred with Dr. Maguire's findings.

C. Second Disability Claim

In June of 2019, Chicco filed a claim for short-term disability benefits payable under New York's Worker's Compensation Law.  N.Y. Workers' Comp. §§ 201, et seq.  This prompted First Unum to review Chicco's initial long-term disability claim.  As part of this review, First Unum spoke to Dr. Chu, who explained that he had imposed a restriction against prolonged computer use.  First Unum also obtained additional records from Dr. Chu describing his treatment of Chicco.  These records described Dr. Chu's treatment of Chicco's worsening symptoms during her attempt to return to work, and indicated that Dr. Chu had updated his diagnosis to include fibromyalgia.

In light of these submissions, First Unum requested another evaluation from Abby Smith, R.N., as well as an updated opinion from Dr. Maguire.  Both reviews concluded that Chicco's condition did not prevent her from performing her job duties.  First Unum therefore informed Chicco on May 9, 2019 that she was no longer considered disabled, and could return to work full-time.

D. Administrative Appeal

Chicco filed an administrative appeal of First Unum's denial of benefits on April 24, 2020.  Chicco included with this appeal an additional letter from Dr. Chu recounting Chicco's escalating symptoms during her attempt to return to work, and

stating that Chicco was unable to perform her job duties. Chicco also submitted the results of a functional capacity evaluation, which found that she was suffering from weakness in her limbs as well as fatigue. The evaluation also found that Chicco had to change positions every 20 to 30 minutes, and that weakness and poor motor control in her arms and hands made computer use very difficult. Finally, Chicco submitted an affidavit describing the severity of her symptoms, and her difficulty completing basic everyday tasks.

Dr. Scott Norris, board certified in family, occupational, and aerospace medicine, reviewed Chicco's appeal on behalf of First Unum. Dr. Norris concluded that Chicco's reported pain was out of proportion to the evidence of radiculopathy in physical examinations, and with the level of treatment she was receiving. He discounted the relevance of the functional capacity evaluation, finding that it did not necessarily reflect Chicco's condition over a year before the examination when she had stopped work, especially as Chicco had again become pregnant and stopped taking pain medication at the time of the evaluation. Dr. Norris found that Chicco's minimal improvement after spinal injections was not consistent with a diagnosis of radiculopathy, but instead suggested that the pain was myofascial. According to Dr. Norris, however, myofascial pain should not have prevented Chicco from working.

In response to Dr. Norris's report, Chicco submitted another letter from Dr. Chu, as well as the findings of an examination performed by Dr. Igor Stiler, a board-certified neurologist. Dr. Stiler's report found that the results of Chicco's physical examinations were consistent with her reports of pain and fatigue, as well as diagnoses of radiculopathy and fibromyalgia. Dr. Stiler therefore found that Chicco was "totally and permanently disabled." Dr. Chu's letter criticized Dr. Norris's methodology and findings. He argued that Dr. Norris had not personally examined Chicco, that he inappropriately discounted physical examinations just because they took place after Chicco's initial claim, and that he understated the escalating seriousness of Chicco's symptoms, physical examination findings, and treatment.

Dr. Norris reviewed these submissions, but did not change his conclusion. Chicco then submitted additional documents from Dr. Chu and Dr. Stiler in response. Dr. Chu argued that the examinations conducted in 2020 were consistent with his findings in 2018, and Dr. Stiler explained that his physical findings were also consistent with Chicco's reported symptoms. Both Dr. Chu and Dr. Stiler argued that more recent examinations were still probative of Chicco's condition in prior years, because Chicco was suffering from an ongoing and chronic condition.

On August 31, 2020, First Unum informed Chicco that it had upheld its prior decision.  First Unum found that Chicco's physical examinations and her responses to treatment were more consistent with myofascial pain than radiculopathy, and did not suggest that she would be unable to work.  First Unum therefore determined that Chicco was capable of returning to full time work as of December 17, 2018.

Chicco filed this action on December 15, 2020, bringing a claim challenging First Unum's failure to pay her disability benefits under the long-term disability plan.  On September 17, 2021, the parties agreed to try the case on a stipulated record.  The parties submitted their opening trial briefs, including the stipulated record, on November 22.  The parties submitted their opposition briefs on December 20.  The trial record became fully submitted on January 7, 2022.

## Discussion

Chicco brings a claim challenging First Unum's decision to deny her benefits under the Plan.  Under § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), a participant or beneficiary of a plan may bring a claim to "recover benefits due to [her] under the terms of [her] plan."  29 U.S.C. § 1132(a)(1)(B).  "Where an ERISA plan does not accord an administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, a district

8

court reviews all aspects of an administrator's eligibility determination, including fact issues, de novo." Paese v. Hartford Life & Accident Ins. Co., 449 F.3d 435, 441–42 (2d Cir. 2006) (citation omitted). Both parties agree that First Unum's disability insurance plan is not discretionary. Accordingly, the de novo standard applies.

"[A]s a matter of general insurance law, the insured has the burden of proving that a benefit is covered." Critchlow v. First Unum Life Ins. Co. of Am., 378 F.3d 246, 256 (2d Cir. 2004) (citation omitted). This principle applies to plans governed by ERISA. Id. at 257. To prove entitlement to benefits under a disability plan, the insured must prove by a preponderance of the evidence that she is disabled withing the meaning of the plan. See Paese, 449 F.3d at 441. "To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true." Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997) (citation omitted).

In reviewing de novo a disability claim based on complaints of pain, a court "is not required to accept such complaints as credible." Connors v. Conn. Gen. Life Ins. Co., 272 F.3d 127, 136 (2d Cir. 2001). Nevertheless, "subjective complaints of disabling conditions are not merely evidence of disability, but are an important factor to be considered in determining disability." Miles v. Principal Life Ins. Co., 720 F.3d 472,

486 (2d Cir. 2013) (citation omitted). "[S]ubjective evidence of [a claimant's] pain, based on her own testimony and the medical reports of examining physicians, is more than ample to establish her disability if believed." Id. (citation omitted).

Chicco has demonstrated by a preponderance of the evidence that she is "unable to perform the material and substantial duties of [her] regular occupation," and is therefore disabled under the Plan. Every medical professional to have personally examined Chicco found that she was unable to sit or stand for extended periods without serious pain. Additionally, this pain interfered with her cognition, causing her fatigue and making it difficult to concentrate. These limitations are inconsistent with a skilled job requiring constant keyboard use throughout most or all of the day. Chicco's physicians, including Dr. Chu and Dr. Stiler, therefore reasonably concluded that Chicco was disabled, and unable to perform her job duties.

These findings are supported by both subjective and objective medical evidence. Dr. Chu's office visit records show that Chicco was experiencing increased pain the longer she had to work at her desk, and that this pain abated when she was no longer working. The results of Chicco's functional capacity evaluation also reveal that she experiences serious pain if she tries to remain in one position, and that she suffers from weakness and fatigue. Additionally, radiological and

electrodiagnostic evidence, gathered from examinations both before and after Chicco submitted her claims, provides evidence of radiculopathy that could have caused Chicco's pain.

The reports of First Unum's reviewing physicians do not refute these conclusions. First Unum's reviewing physicians discounted as not time-relevant physical findings from examinations performed after Chicco stopped working. But Chicco's condition is progressive, and her exam findings are consistent with a worsening condition causing increasing pain -- precisely what Chicco argues stopped her from being able to work. Nor is it dispositive that Chicco was pregnant during her return-to-work period and functional evaluation. The physical therapist who examined Chicco found that her pregnancy made little difference. And Chicco had started to experience pain severe enough to stop her from working in early 2018, months before she first became pregnant.

First Unum also argues that, if Chicco's pain were as severe as she reports, she would have received more serious treatment, and would not be as active at home. Chicco's treatment and activity level, however, are consistent with her reported pain. Before she stopped working, Chicco was on an escalating treatment regimen, including medication, physical therapy, and multiple spinal injections. And since then, she has been referred to a spinal surgeon for a consultation. At

11

home, Chicco reports that she can only engage briefly in light housekeeping and self-care tasks, and that she relies on others to help with anything more strenuous. Chicco's treatment regimen and level of at-home activity are therefore consistent with the severity of her condition.

It is also significant that none of First Unum's physicians personally examined Chicco. By contrast, every medical professional that did examine Chicco found that she was unable to perform her job duties. First Unum argues that the opinion of a claimant's treating physician is entitled to no more weight than any other medical evaluation, citing the Supreme Court's decision in Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003). This argument, however, misunderstands the Supreme Court's decision. In that case, the Court rejected any rule that "require[d] administrators automatically to accord special weight to the opinions of a claimant's physician." Id. at 834 (emphasis added). But the decision did not prohibit courts from giving the opinions of examining physicians significant weight if a review of the record makes it appropriate to do so. See Paese, 449 F.3d at 442; Donachie v. Liberty Life Assurance Co., 745 F.3d 41, 45 & n.5 (2d Cir. 2014) (finding a denial of benefits arbitrary and capricious when disability was supported by the claimant's examining physician, and refuted only by a

non-examining in-house doctor's evaluation of the claimant's records).

Finally, First Unum points to its medical reviewers' findings that the results of physical examinations are not consistent with a primary diagnosis of radiculopathy, and may instead suggest that Chicco's reported pain is due to fibromyalgia.  This determination appears to disregard electrodiagnostic and functional tests that found spinal abnormalities both before and after Chicco filed her disability claim.  Regardless, however, Chicco's claim does not depend on her exact primary diagnosis.  See Krizek v. Cigna Group Ins., 345 F.3d 91, 101-02 (2d Cir. 2003) (finding that subjective complaints of pain, even without physical findings or a particular diagnosis, were not legally insufficient evidence of disability).  Chicco need only demonstrate that her condition causes her sufficient pain to prevent her from performing her regular job duties.  Whether that pain is primarily radiculopathic or myofascial, she has made this showing here.

## **Conclusion**

Chicco has been disabled within the meaning of the Plan since December 17, 2018. First Unum is liable on the claims presented in this action.

Dated:   New York, New York
         March 3, 2022

                                 _____
                                        DENISE COTE
                                 United States District Judge