```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
MICHELLE CHICCO,                         :     20cv10593 (DLC)
                                         :
                    Plaintiff,           :     OPINION AND ORDER
          -v-                            :
                                         :
FIRST UNUM LIFE INSURANCE CO.,           :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Jacob Reichman
Matthew Robert Maddox
Scott Madison Riemer
Jennifer Lynn Hess
Riemer Hess LLC
275 Madison Avenue
26th Floor
New York, NY 10016

For defendant:
Gregory James Bennici
Patrick Walter Begos
Robinson & Cole LLP
1055 Washington Blvd
Stamford, CT

DENISE COTE, District Judge:

First Unum Life Insurance Co. ("First Unum") has moved for reconsideration of this Court's Opinion and Order of March 3, 2022 granting judgment against First Unum on plaintiff Michelle Chicco's ("Chicco") ERISA claim. See Chicco v. First Unum Life Ins. Co., No. 20CV10593, 2022 WL 621985, at *5 (S.D.N.Y. Mar. 3, 2022). First Unum requests that the Opinion be amended to

clarify that its finding of Chicco's disability does not extend beyond August 31, 2020.  For the following reasons, First Unum's motion is granted.

## Background

This Court assumes familiarity with its March 3 Opinion and summarizes only the facts necessary to decide this motion.  See Chicco, 2022 WL 621985.  Chicco worked as a tax manager for D.E. Shaw & Co., L.P.  Through her employer, she was provided with a long-term disability insurance plan ("the Plan") issued by First Unum.

In 2013, Chicco began to experience back pain, as well as fatigue and weakness in her limbs.  By May of 2018, her pain had progressed to the point at which she could no longer work.  Chicco therefore submitted a long-term disability claim, which First Unum granted.  After receiving treatment, Chicco attempted to return to work part time in November of 2018, ramping up to full-time work by December.  Chicco's pain continued to worsen, however, and she scaled back to part-time work, before stopping work entirely in March of 2019.

After Chicco began reducing her workload, First Unum reevaluated Chicco's claim and, in May of 2019, informed Chicco that she was no longer considered disabled as of December 17, 2018 -- the date that Chicco had initially resumed full-time work.  Chicco filed an administrative appeal of First Unum's

decision, submitting additional medical evidence and letters from her doctors.  First Unum affirmed its denial of benefits on August 31, 2020.

Chicco filed this lawsuit on December 15, 2020, seeking damages for benefits owed to her under the disability plan, a declaration that First Unum was obligated to pay Chicco under the plan in the future, and costs and attorney's fees.  The parties agreed to try the case on a stipulated record, largely consisting of the administrative record before First Unum on appeal.  On March 3, 2022, this Court issued its findings of fact and conclusions of law, holding that Chicco "has been disabled within the meaning of the Plan since December 17, 2018."  Chicco, 2022 WL 621985, at *5.  The parties' briefs addressing damages and attorney's fees will become fully submitted on May 23, 2022.

On March 17, 2022, First Unum moved for reconsideration of this Court's March 3 Opinion, seeking to clarify whether the holding that Chicco was disabled applied after August 31, 2020, when the administrative record closed.  Chicco opposed the motion on March 25.  The motion became fully submitted on March 29.

## Discussion

The standard for granting a motion for reconsideration is "strict."  Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir.

2021) (citation omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Cho, 991 F.3d at 170. The decision to grant or deny the motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

First Unum's denial of Chicco's disability claim was reviewed de novo.  Chicco, 2022 WL 621985, at *3.  Under this standard, "a district court reviews all aspects of an administrator's eligibility determination, including fact issues, de novo." Paese v. Hartford Life & Accident Ins. Co., 449 F.3d 435, 441–42 (2d Cir. 2006) (emphasis added).  In other words, the Court was tasked with evaluating whether the plan administrator made the correct decision.  In evaluating that decision, the Court's review was limited to the record available to the plan administrator on appeal.  Its holding is therefore limited to the period covered by that record as well.

Chicco argues that the record contained evidence supporting a finding that she was disabled up until the date of judgment. In particular, Chicco points to the progressive nature of her symptoms, as well as Dr. Igor Stiler's finding that she was "totally and permanently disabled." But the record also contained evidence that Chicco's symptoms may have been exacerbated by her pregnancies, during which she had stopped taking her medication. See Chicco, 2022 WL 621985, at *2. Although Chicco demonstrated by a preponderance of the evidence that she was disabled during the period covered by the administrative record, the evidence does not demonstrate to the same degree of certainty that Chicco would remain disabled afterward given proper treatment.

Chicco also cites several cases in which courts found that a plaintiff was disabled up until the date of judgment. In at least some of these cases, however, the court considered evidence of the plaintiff's disability gathered after the original administrative record closed. See, e.g., Paese, 449 F.3d at 441 & n.1; Solnin v. Sun Life & Health Ins. Co., No. 08CV02759, 2015 WL 6550549, at *1-10 (E.D.N.Y. Oct. 28, 2015). But whatever the basis for those decisions, the evidence here does not speak to the status of Chicco's disability after the administrative record closed on August 31, 2020.

Finally, Chicco argues that First Unum's motion is procedurally improper, because First Unum could have raised this issue in its trial briefs.  In general, a party may not move for reconsideration on the basis of an argument that it could have made earlier.  See Analytical Surveys, Inc., 684 F.3d at 53.  Here, however, First Unum had little reason to argue earlier that the Court's judgment should be limited to the period covered by the administrative record.  The parties agreed to try the case on the administrative record, and did not submit evidence regarding Chicco's disability postdating the record.  First Unum was not required to anticipate that the Court's judgment might reach beyond the record period.  Instead, it has timely raised the issue now, before damages are determined.  Cf. Paese, 449 F.3d at 446 (declining to consider on appeal an argument regarding the duration of the district court's determination of disability when the argument could have been raised in opposition to the plaintiff's proposed judgment).

## Conclusion

First Unum's March 17, 2022 motion is granted. Chicco's claim is remanded to First Unum to determine whether she qualifies for benefits since August 31, 2020.

Dated:   New York, New York
         March 30, 2022

                                  _____
                                  DENISE COTE
                                  United States District Judge